FREDERICK C. BIEHL, III, ESQ. (8557)
SORIANO, HENKEL, BIEHL & MATTHEWS, P.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068-1693
(973) 364-0111
Attorneys for Plaintiff, Christina Eng Eviner

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHRISTINA ENG EVINER, | : | Civil Action No.: 2:12-cv-02245-CCC-JAD |
| Plaintiff, | : | |
| vs. | : | |
| YOKETING ENG a/k/a BARRY ENG, TRINH ENG, ANNA ENG, JP MORGAN CHASE BANK, NA, BANK OF AMERICA, CITIBANK, NA, BNY MELLON BANK, NA, DELPHI, CORPORATION, LEHMAN BROTHERS, INC., GENERAL MOTORS CORPORATION, DREYFUS FUNDS, BORDEN, ALTRIA GROUP, INC., AMERICAN EXPRESS COMPANY, INC., AMERIPRISE  FINANCIAL, INC., CITIGROUP, INC., E.I. DUPONT DE NEMOURS, INC., FORD MOTOR COMPANY, INC., GLAXO SMITH KLINE, PLC, KRAFT FOODS, INC., VISTEON CORPORATION, PHILLIP MORRIS INTERNATIONAL, INC., REYNOLDS AMERICAN, INC., CHRYSLER CORPORATION, DAIMLER CHRYSLER CORPORATION, TRAVELERS INSURANCE COMPANY, INC.  AND RAYTHEON CORP., | : | **FIRST AMENDED COMPLAINT** |
| Defendants. | : | |

Plaintiff, Christina Eng Eviner ("Christina" or "Plaintiff"), by her undersigned counsel,

Frederick C. Biehl, III of Soriano, Henkel, Biehl & Matthews, P.C., as and for her Complaint against Defendants, Yoketing Eng a/k/a Barry Eng ("Yoketing"), Trinh Eng ("Trinh") and Anna Eng ("Anna"), collectively ("Eng Defendants"), JP Morgan Chase Bank, NA ("Chase"), Bank of America ("B of A"), Citibank, NA ("Citi"), BNY Mellon Bank, NA ("BNY"), Delphi, Inc. ("Delphi"), Lehman Brothers, Inc. ("Lehman"), General Motors Corporation ("GMC"), Dreyfus Funds ("Dreyfus"), Borden, Inc. ("Borden"), Altria Group, Inc. ("Altria"), American Express Company, Inc. ("Amex"), Ameriprise Financial, Inc. ("Ameriprise"), Citigroup, Inc. ("Citigroup"), E.I. Dupont De Nemours, Inc. ("Dupont"), Ford Motor Company Inc. ("Ford"), Glaxo Smith Kline, PLC ("Glaxo"), Kraft Foods, Inc. ("Kraft"), Visteon Corporation ("Visteon"), Phillip Morris International, Inc. ("Phillip Morris"), Reynolds American, Inc. ("Reynolds"), Chrysler Corporation ("Chrysler"), Daimler Chrysler Corporation ("DCC"), Travelers Insurance Company, Inc. ("Travelers") and Raytheon Corp. ("Raytheon").

## **THE PARTIES**

1.      Christina is an individual with her principal place of residence at 2283 Old Farm Road, Scotch Plains, New Jersey 07076.

2.      Defendant, Yoketing, is a citizen and resident of the State of New York, residing at 1516 West 9th Street, Brooklyn, New York 11204-6435.

3.      Defendant, Trinh, is a citizen and resident of the State of York, residing at 1516 West 9th Street, Brooklyn, New York 11204-6435

4.      Defendant, Anna, is a citizen and resident of the State of New York, residing at 3051 Brighton 14th Street, Brooklyn, New York 11235-5501.

5.      Defendant, Chase, a Delaware corporation, is a national banking institution with

offices located at 270 Park Avenue, New York, New York.

6.     Defendant, B of A, a Delaware corporation, is a national banking institution with offices located at 100 N. Tryon Street, Charlotte, North Carolina.

7.     Defendant, Citibank, a Delaware corporation, is a national banking institution with offices located at 399 Park Avenue, New York, New York.

8.     Defendant, BNY, a Delaware corporation, is a national banking institution with offices located at 1 West Street, New York, New York.

9.     Defendant, Delphi, is a Delaware corporation with offices located at 5725 Delphi Drive, Troy, Michigan 48098.

10.    Defendant, GMC, is a Delaware corporation with offices located at P.O. Box 33170, Detroit, Michigan.

11.    Defendant, Dreyfus, is a Delaware corporation with offices located at 144 Glen Curtis Blvd., Uniondale, New York 11556.

12.    Defendant, Borden, is a Delaware corporation with offices located at

13.    Defendant, Altria, is a Delaware corporation with offices located at 6601 West Broad Street, Richmond, Virginia 23220.

14.    Defendant, Amex, is a Delaware corporation with offices located at 3 World Financial Center, New York, New York.

15.    Defendant, Ameriprise, is a Delaware corporation with offices located at 55 Ameriprise Financial Center, Minneapolis, Minnesota.

16.    Defendant, Citigroup, is a Delaware corporation with offices located at 399 Park Avenue, New York, New York.

3

17.     Defendant, Dupont, is a Delaware corporation with offices located at 1007 Market Street, Wilmington, Delaware.

18.     Defendant, Ford, is a Delaware corporation with offices located at 1 American Road, Dearborn, Michigan.

19.     Defendant, Glaxo, is a Delaware corporation with offices located at 200 North Sixteenth Street, Philadelphia, PA 19102.

20.     Defendant, Kraft, is a Delaware corporation with offices located at 3 Lakes Drive, Northfield, Illinois 60093.

21.     Defendant, Visteon, is a Delaware corporation with offices located at 5500 One Auto Club Drive, Dearborn, Michigan 48126.

22.     Defendant, Phillip Morris, is a Delaware corporation with offices located at 6601 West Broad Street, Richmond, Virginia 23220.

23.     Defendant, Reynolds, is a Delaware corporation with offices located at 401 North Main Street, Winston Salem, North Carolina 27101.

24.     Defendant, Chrysler, is a Delaware corporation with offices located at 4944 Parkway Plaza Blvd., Suite 470, Charlotte, North Carolina 28217.

25.     Defendant, DCC, is a Delaware corporation with offices located at 4944 Parkway Plaza Blvd., Suite 470, Charlotte, North Carolina 28217.

26.     Defendant, Travelers, is a Delaware corporation with offices located at Hartford, Connecticut.

27.     Defendant, Raytheon, is a Delaware corporation with offices located at 870 Winter Street, Waltham, Massachusetts.

4

27a.    Defendant, Lehman, is a Delaware corporation with offices located at 921 N. Orange Street, Wilmington, Delaware 19801.

## JURISDICTION AND VENUE

28.    The Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 since it is between citizens of different states.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

29.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because: (i) a substantial part of the events material to Plaintiff's causes of action occurred in this District; and (ii) all Defendants are subject to personal jurisdiction in this District at the time this action is commenced.

30.    The Defendants are subject to personal jurisdiction in this District because: (i) the Defendants have purposefully directed their wrongful activities at the State of New Jersey and have caused harm within this State; (ii) the effects of the Defendants' wrongful conduct have been felt in the State of New Jersey, as further alleged in this Complaint; (iii) the Defendants' wrongful conduct made the State of New Jersey the focal point for their fraud; and (iv) the Defendants' wrongful conduct, as more fully set forth in this Complaint, intentionally targeted and expressly aimed its fraudulent scheme at the State of New Jersey.

## FACTS COMMON TO ALL CLAIMS

31.    Herbert W. Eng ("Herbert") was a person who resided at 3051 Brighton 14th Street, Brooklyn, New York.  Herbert Died on August 4, 1993 ("Estate").

32.    Herbert, at the time of his death, was a widower.

33.    Herbert had five children.  The names of the children are as follows: (1) Anna Eng,

5

(2) Yoketing Eng a/k/a Barry Eng, (3) Christina Eng, (4) Terry Eng and (5) Donna Eng.

34.     At the time of Herbert's death, he had a Last Will and Testament ("Will") which was filed in Brooklyn Probate Court.  The Will provided that Anna would be the Executrix of the Estate.

35.     Anna, as Executrix of the Estate, advised Christina that she was not to receive any further assets from Herbert's Estate and that there were no other assets to which she had an interest from his estate.  Yoketing, Plaintiff's brother and Trinh, Plaintiff's sister-in-law and Yoketing's wife, also represented to Plaintiff that there were no further assets of Herbert's Estate that she was entitled to under Herbert's Will or otherwise.

36.     In or about January 2012, Christina received a call from a representative of Keane, an unclaimed property reporting service that searches unclaimed funds that are escheated to or held by the State of New York.

37.     The Keane representative advised Plaintiff that there was shares of stock in her name and Herbert Eng's name in the approximate amount of One Hundred Fifty Thousand Dollars ($150,000.00).  Christina thought it was shares of stock for a person of a similar name and was not hers because she had no accounts in New York.

38.     In any event, after she spoke with the Keane representative, Plaintiff learned that her father Herbert did have shares of stock in his name and Christina's name as joint tenants.

39.     After some further investigation, she learned that not only were these shares of stock in her name and her father's name as joint tenants, there were also several other shares of stock in Herbert's and Christina's name.

40.     Christina next learned that Anna, as Executrix of the Estate, filed an Estate Tax Return with the State of New York.  Indeed, the Estate's Tax Return identified the assets and

6

liabilities of Herbert, which included numerous stocks owned by Herbert Eng and Christina Eng. The stocks listed in joint names were: 100 Shares Dryfus Fund; 1000 Shares Glaxo Holdings; 500 Shares Borden; 700 Shares Philip Morris; 500 Shares Chrysler; 400 Shares General Motors; 1000 Shares Amex; 600 Shares Ford; 300 Shares Dupont; and 500 Shares Chase.  Anna never provided a copy of the Estate Tax Return to Christina, and never disclosed to her the stocks in Herbert's and Christina's name.

41.     Christina next learned that her brother Yoketing, and his wife, Trinh, have been cashing dividend checks, interest checks and other distributions from each of these stocks and depositing such funds in their personal account for the last nineteen (19) years.

42.     Upon information and belief, Anna has been aware of this fraudulent and illegal conduct and did not disclose same to Plaintiff.  In fact, Anna has covered up the fraud and defalcation by Yoketing and Trinh.

43.     The total amount of damages proximately caused by Eng Defendants' misconduct is not yet known, but as set forth herein, Eng Defendants' conduct caused them to be enriched, and the Plaintiff to be harmed, in an amount to be ascertained prior to or at trial, but in any event is estimated to be in excess of $1,000,000.00.

## FIRST CAUSE OF ACTION

### (Conversion)

44.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 as if fully set forth at length herein.

45.     Over the past several years, Yoketing and Trinh came to exercise unauthorized dominion and control over hundreds of thousands of dollars of Christina's funds and assets, as well

as assets obtained as a result of the improper use of Christina's resources, including but not limited to the property enumerated above.

46.     Yoketing's and Trinh's dominion and control over the property has been to the exclusion of, and in defiance of, Christina's rights, or has otherwise interfered with the rights of Christina in and to such property.

47.     Yoketing and Trinh converted Christina's funds and assets when they diverted funds, dividends, distributions and assets belonging to Christina in the form of forged checks, and other transfers.  These actions deprived Christina of the use of this money and assets.

48.     Based on the allegations set forth in detail herein, Eng Defendants have engaged in a fraudulent scheme to divert, embezzle, misappropriate and fraudulently transfer to the Eng Defendants dividends, income, distributions and assets of Plaintiff.

49.     Eng Defendants' use of Plaintiff's dividends, income, distributions and assets has deprived Plaintiff of the right to possession of her property.

50.     Eng Defendants have failed and/or refused to return said funds to Plaintiff and continue to be in wrongful possession thereof.

51.     As demonstrated by the above described actions and failures to act, Yoketing and Trinh have each converted Plaintiff's funds and deprived Plaintiff of her property.

52.     As a direct and proximate result of Eng Defendants' conversion, Christina has not had the use of the money converted by Yoketing and Trinh.

53.     As a direct and proximate result of Eng Defendants' misconduct, Plaintiff has suffered and sustained damages.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally,

8

for:

a.    compensatory damages;

b.    consequential damages;

c.    pre-judgment and post-judgment interest;

d.    punitive damages;

e.    costs of suit, including reasonable attorney's fees; and

f.    such other and further relief which the court deems just and equitable.

## SECOND CAUSE OF ACTION

### (Conspiracy to Commit Fraud)

54.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 53 as if fully set forth at length herein.

55.    Eng Defendants agreed between and/or among themselves and/or others, to conspire or scheme, to engage in an illegal or unlawful act, or to engage in a lawful or legal act by unlawful or illegal means, and have taken at least one act in furtherance thereof.

56.    As a direct proximate cause of the acts of the civil conspiracy, the Plaintiff has suffered and sustained damages.

57.    Defendants, Yoketing, Trinh and Anna acted in concert with themselves and one or more persons to misappropriate monies from Christina.

58.    Defendants, Yoketing and Trinh, upon information and belief, conspired to and did forge endorsements on dividend checks, interest checks and distributions from shares of stock owned by Christina so as to divert monies, including dividend checks, interest checks and other distributions belonging to Christina to their own personal accounts.

9

59.    As a direct and proximate result of these actions, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

      a.    compensatory damages;

      b.    consequential damages;

      c.    pre-judgment and post-judgment interest;

      d.    punitive damages;

      e.    costs of suit, including reasonable attorney's fees; and

      f.    such other and further relief which the court deems just and equitable.

### THIRD CAUSE OF ACTION

### (Aiding and Abetting Fraud)

60.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 59 as if fully set forth at length herein.

61.    Eng Defendants pursued a common plan or design to commit a fraud upon Christina.

62.    Eng Defendants were actively involved, aided or encouraged the commission of a fraud upon Christina.

63.    As a result of the Eng Defendants' common plan or design to commit fraud against Plaintiff, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

      a.    compensatory damages;

      b.    consequential damages;

c.      pre-judgment and post-judgment interest;

d.      punitive damages;

e.      costs of suit, including reasonable attorney's fees; and

f.      such other and further relief which the court deems just and equitable.

### FOURTH CAUSE OF ACTION

**(New Jersey Civil Racketeering and Corrupt Organizations Act)**

64.      Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 63 as if fully set forth at length herein.

65.      Plaintiff is a person within the meaning of N.J.S.A. 2C:41-1(2)(b).

66.      Eng Defendants are persons within the meaning of N.J.S.A. 2C:41-1(2)(b).

67.      Eng Defendants are an "enterprise" within the meaning of N.J.S.A. 2C:41-1(c).

68.      Eng Defendants engaged in a pattern of racketeering activity within the meaning of N.J.S.A. 2C:41-1(d) in that they engaged in at least two (2) incidents of racketeering conduct, one (1) of which occurred after the effective date of the New Jersey Racketeering Influenced and Corrupt Organizations Act, and the last of which has occurred within ten (10) years after the prior incident of racketeering activity.

69.      Eng Defendants have engaged in acts of theft and related crimes, and/or forgery and related crimes, within the meaning of N.J.S.A. 2C:41-(a)(n) and (o), within the periods of time set forth above.

70.      The acts include:

a.      **Repeated acts of Fraud** in connection with the dividends, interest and distribution from shares of stock;

11

b.   **Theft by deception:** purposely obtaining property of Plaintiff by deception within the meaning of N.J.S.A. 2C:20-4;

c.   **Money laundering:** engaging in a transaction involving property known or which a reasonable person would believe to be derived from criminal activity (here stolen monies) with the intent to conceal or disguise the nature, location, source, ownership or control of the property derived from the criminal activity within the meaning of N.J.S.A. 2C:21-25;

d.   **Mail fraud:** devising or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing within the meaning of 18 U.S.C. §1341;

e.   **Wire fraud:** devising or intending devise any scheme or artifice to defraud, or for

obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice within the meaning of 18 U.S.C. §1343;

f.   **Falsifying or tampering with records:** issuing a false financial statement with purpose to deceive or injure anyone or to conceal any wrongdoing within the meaning of N.J.S.A. 2C:21-4;

g.   and other acts in derogation of the New Jersey Code of Criminal Conduct, and the statutes of other states or jurisdictions, as discovery may reveal (collectively, the "Predicate Acts").

71.   Eng Defendants have received income, derived directly or indirectly, from a pattern of racketeering activity to use or invest, directly or indirectly, part of the income, or the proceeds of the income, for the acquisition or interest in, or the establishment or operation of an enterprise which is engaged in activities that affect trade or commerce, within the meaning of N.J.S.A. 2C:41-2(a).

72.   Eng Defendants have been employed by, or associated with, an enterprise engaged in activities that affect trade or commerce, directly or indirectly, in the conduct of the enterprise's affairs, through a pattern of racketeering activity, within the meaning of N.J.S.A. 2C:41-2(c).

73.   Eng Defendants have committed a conspiracy within the meaning of N.J.S.A. 2C:5-2 and N.J.S.A. 2C:41-2(d).

74.   The Predicate Acts constitutes a pattern.

75.   Eng Defendants' pattern of racketeering activity has directly and proximately caused

13

injury to Plaintiff.

**WHEREFORE,** Plaintiff requests and demands judgment, jointly, severally, and individually, against Eng Defendants for relief as follows, pursuant to <u>N.J.S.A.</u> 2C:41-4(a):

    a.    prohibiting Eng Defendants from engaging in a pattern of activities as more fully set forth in this Complaint;

    b.    ordering Eng Defendants to cease and desist from the following activities:

        i.    expending money belonging to Plaintiff or derived from Plaintiff's assets for personal benefit;

    c.    treble damages, pursuant to <u>N.J.S.A.</u> 2C:41-4(c);

    d.    reasonable attorneys' fees, pursuant to <u>N.J.S.A.</u> 2C:41-4(c);

    e.    compensatory damages;

    f.    punitive damages;

    g.    cost of suit;

    h.    pre-judgment and post-judgment interest;

    i.    costs of investigation and litigation, pursuant to <u>N.J.S.A.</u> 2C:41-4(c); and

    j.    such other and further relief which the court deems just and equitable.

## FIFTH CAUSE OF ACTION

### (Fraud)

76.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 75 as if fully set forth at length herein.

77.    From 1993 through the present, Eng Defendants made representations to Christina about shares of stock owned by Herbert at the time of his death.

78.     Eng Defendants' representations to Christina regarding the ownership of shares of stock were false, and they knew they were false.

79.     Moreover, Eng Defendants' fraudulently concealed facts from Christina, namely ownership of the shares of stock and all of the dividends, income and distributions from 1993 through the present and all of the benefits arising from their illegal conduct.

80.     Eng Defendants made these representations and failed to disclose their illegal conduct knowing that Christina would rely on their representations and thereby continue to convert and steal the dividend checks, income, distributions and other profits from the ownership of such shares of stock.

81.     Each of the above representations were made for the purpose of inducing Christina to rely upon them.

82.     Christina did in fact rely upon such representations, in ignorance of the representations' falsity, and Christina has been and continues to be damaged as a result of the belated discovery of the facts regarding unauthorized transactions and other unauthorized benefits received by Eng Defendants.

83.     Yoketing and Trinh had used Christina's assets for their personal use and profit, and for the personal use and profit of Anna, to which none were entitled.

84.     Eng Defendants' actions were willful, wanton and undertaken with malice subjecting Eng Defendants to punitive damages.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

a.      compensatory damages;

b.      consequential damages;

c.      pre-judgment and post-judgment interest;

d.      punitive damages;

e.      costs of suit, including reasonable attorney's fees; and

f.      such other and further relief which the court deems just and equitable.

## SIXTH CAUSE OF ACTION

### (Constructive Fraud)

85.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 84 as if fully set forth at length herein.

86.    At all material times alleged herein, Anna had a fiduciary and confidential relationship with Christina and was in a position of superiority and influence over the Estate of Herbert Eng and Plaintiff.

87.    Anna's, Yoketing's and Trinh's representations to Christina regarding ownership of the shares of stock were false, and they knew they were false.  Anna made such false statements to convert the assets for her personal use and profit, and for the personal use and profit of Yoketing and Trinh, to which none of them were entitled; and they had received other benefits that were not authorized by Christina.

88.    Eng Defendants made their representations and failed to disclose their illegal conduct knowing that Christina would rely on these representations to continue converting the dividend checks and other profits from the ownership of such shares of stock.

89.    Each of the above representations was made for the purpose of inducing Christina to rely upon them.

90.     Christina did in fact rely upon such representations, in ignorance of the representations' falsity, and Christina has been and continues to be damaged as a result of the belated discovery of the facts regarding the unauthorized transactions and unauthorized amounts that they converted for their own benefit.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

     a.     compensatory damages;

     b.     consequential damages;

     c.     pre-judgment and post-judgment interest;

     d.     punitive damages;

     e.     costs of suit, including reasonable attorney's fees; and

     f.     such other and further relief which the court deems just and equitable.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment)

91.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 90 as if fully set forth at length herein.

92.     As set forth in more detail above, Yoketing and Trinh have been unjustly enriched in various ways, including:

     a.     by their unearned and unauthorized misappropriation of funds, which they concealed from Christina, and

     b.     by their receipt of dividends, income, distributions and other unauthorized amounts from shares of stock, which were not approved by Christina.

17

93. In addition, Anna was aware or should have been aware of Yoketing's and Trinh's wrongful conduct, and benefitted from same by receiving some of the proceeds illegally taken by Yoketing and Trinh.

94. Eng Defendants have been unjustly enriched to the detriment of Christina who has been significantly damaged.

95. Equity and good conscience require full restitution of the monies received by Eng Defendants from Christina's assets.

96. Eng Defendants' conscious, intentional and willful tortious conduct entitles Christina to recapture profits derived by Eng Defendants utilizing monies they received from Christina's shares of stock including, by way of example and without limitation, profits earned from unauthorized transactions they completed with Christina's funds.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

a. compensatory damages;

b. consequential damages;

c. pre-judgment and post-judgment interest;

d. punitive damages;

e. costs of suit, including reasonable attorney's fees; and

f. such other and further relief which the court deems just and equitable.

### EIGHTH CAUSE OF ACTION

### (Accounting - Yoketing and Trinh)

97. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

through 96 as if fully set forth at length herein.

98.     Over the past several years, Yoketing and Trinh came to exercise unauthorized dominion and control over hundreds of thousands of dollars of Christina's funds and assets, as well as assets obtained as a result of the improper use of Christina's resources, including but not limited to the property enumerated above.

99.     Yoketing's and Trinh's dominion and control over the property has been to the exclusion of, and in defiance of, Christina's rights, or has otherwise interfered with the rights of Christina in and to such property.

100.    Yoketing and Trinh have commingled the funds they received from diverting, embezzling, misappropriating and fraudulently taking funds belonging to Christina.

101.    Yoketing and Trinh profited from their illegal conduct and receipt of unauthorized and undisclosed amounts of money, which were Christina's funds for their personal use and profit.

102.    Yoketing and Trinh commingled the funds they received by their misconduct, and the proceeds obtained on their use of those funds, with her own funds.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

a.      compensatory damages;

b.      consequential damages;

c.      pre-judgment and post-judgment interest;

d.      punitive damages;

e.      costs of suit, including reasonable attorney's fees; and

f.      an accounting of all funds that they illegally took from Christina and what the illegal

proceeds were used to purchase or acquire;

g.      such other and further relief which the court deems just and equitable.

## NINTH CAUSE OF ACTION

### (Accounting - Anna)

103.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 102 as if fully set forth at length herein.

104.    As the Executrix of the Estate, Anna owed Plaintiff strict fiduciary duties.

105.    Anna was required to act honestly with full disclosure and in good faith with a view to the best interests of Christina, and to exercise the care, diligence and skill that a reasonably prudent person would exercise in comparable circumstances.

106.    Anna breached her fiduciary and other duties to Christina, and failed to faithfully execute service, in various ways, and profited from her breach of duty through the receipt of unauthorized and undisclosed amounts of money of Christina's funds for her personal use and profit.

107.    Anna commingled the funds she received in breach of her fiduciary duties, and the proceeds obtained on her use of those funds, with her own funds.

108.    As a fiduciary, Anna must account to Christina for the funds that she received during the course of her illegal conduct – an amount that, in Plaintiff's estimation, is in excess of $1,000,000.00.

109.    Anna must therefore render an account to Christina for the funds that Eng Defendants received during the course of their illegal conduct, including an accounting for the interest on the funds they obtained and benefits they obtained as a result of their wrongful use of Christina's funds.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally,

for:

      a.      compensatory damages;

      b.      consequential damages;

      c.      pre-judgment and post-judgment interest;

      d.      punitive damages;

      e.      costs of suit, including reasonable attorney's fees; and

      f.      an accounting of all funds that they illegally took from Christina and what the illegal proceeds were used to purchase or acquire;

      g.      such other and further relief which the court deems just and equitable.

## TENTH CAUSE OF ACTION

### (Constructive Trust)

110.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 109 as if fully set forth at length herein.

111.    Eng Defendants profited enormously, and were enriched by their misconduct, in various ways, including the receipt of unauthorized amounts, the use of Christina's funds, and through other wrongful use of Christina's assets and property.

112.    Christina has no adequate remedy at law.

113.    Eng Defendants profited as a result of their misconduct and are deemed to hold the funds and benefits they have received, and the interest and proceeds obtained on the use of the funds they wrongfully received, in constructive trust for the benefit of Christina.

**WHEREFORE,** Plaintiff demands judgment against Eng Defendants, jointly and severally, for:

a.      compensatory damages;

b.      consequential damages;

c.      pre-judgment and post-judgment interest;

d.      punitive damages;

e.      costs of suit, including reasonable attorney's fees; and

f.      such other and further relief which the court deems just and equitable.

## ELEVENTH CAUSE OF ACTION

### (Breach of Fiduciary Duty)

114.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 113 as if fully set forth at length herein.

115.    As the Executrix of the Estate, Anna owed strict fiduciary duties to Christina.  Anna was required to act at all times honestly and in good faith with a view to the best interests of the beneficiaries and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances.

116.    Anna failed to fulfill her obligations to Christina, failed to faithfully execute service, and breached her duties to Christina in various ways, including by:

a.      failing to inform, and affirmatively concealing from Christina the true facts concerning ownership of shares of stock held by Herbert Eng;

b.      allowing Yoketing and Trinh to misappropriate hundreds of thousands of dollars of Christina's funds and assets which have not been repaid; and

c.      failing to cooperate with and actively impeding Christina's efforts to investigate the above matters.

22

117.    As a direct and proximate result of Anna's breaches of her fiduciary duties detailed above, Christina has been damaged.  The total amount of these damages can only be determine through discovery and at trial, but are believed to be in excess of $1,000,000.00.

118.    Because of the willful, wanton, and intentional nature of Anna's conduct, and her abuse of her position of trust, Anna is liable for punitive damages, in an amount to be determined at trial.

**WHEREFORE,** Plaintiff demands judgment against Anna:

a.    compensatory damages;

b.    consequential damages;

c.    pre-judgment and post-judgment interest;

d.    punitive damages;

e.    costs of suit, including reasonable attorney's fees; and

f.    such other and further relief which the court deems just and equitable.

## TWELFTH CAUSE OF ACTION

### (Violation of the Uniform Commercial Code)

119.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 118 as if fully set forth at length herein.

120.    In conducting business, Defendants, Chase, B of A, Citibank and BNY (collectively "Bank Defendants"), have a duty to customers to comply with the Uniform Commercial Code and, in particular, those provisions governing negotiable instruments, including, but not limited to, N.J.S.A. 12A:3-301, et seq. and N.J.S.A. 12A:4-401 et seq.

121.    The aforesaid failures – including but not limited to failure to determine whether

23

checks presented were properly payable; failure to exercise ordinary care in paying or taking the presented instruments; failure to inquire into Yoketing's and Trinh's, or others' authority to cash and/or deposit checks made payable to third parties, failure, upon information and belief, to adhere to internal regulations and procedures; failure to verify the check endorser's signature – violate the applicable Uniform Commercial Code in that Bank Defendants failed to adhere to reasonable commercial standards.

122.   As a direct and proximate result of Bank Defendants' failure to abide by reasonable commercial standards, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment, jointly, severally and alternatively, against Bank Defendants, for:

a.   compensatory damages;

b.   consequential damages;

c.   costs; and

d.   such other and further relief which the court deems just and equitable.

## THIRTEENTH CAUSE OF ACTION

### (Negligence)

123.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 122 as if fully set forth at length herein.

124.   Bank Defendants owe a duty to customers and users of the banking system to accept for payment and otherwise process negotiable instruments in a commercially reasonable manner.

125.   As demonstrated by the actions and failures above, Bank Defendants, failed to adhere to reasonable, usual and customary banking practices and were otherwise negligent.

24

126.    As a direct and proximate result of these Bank Defendants' failures, omissions and negligence, Plaintiff was damaged.

**WHEREFORE,** Plaintiff demands judgment, jointly, severally and alternatively, against Bank Defendants, for:

a.      compensatory damages;

b.      consequential damages;

c.      costs; and

d.      such other and further relief which the court deems just and equitable.

## FOURTEENTH CAUSE OF ACTION

### (Negligent Supervision As to Bank Defendants)

127.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 126 as if fully set forth at length herein.

128.    Bank Defendants have a duty to their customers and users of the banking system to properly supervise their employees and agents, and maintain control to prevent employee malfeasance.

129.    As described above, employees of Bank Defendants negligently performed their duties in that they did not abide by reasonable banking practices. Upon information and belief, these employees disregarded the internal operating procedures of their respective employees.

130.    Bank Defendants failed to properly supervise their employees and agents, had failed to maintain sufficient control to prevent employee malfeasance.

131.    These failures have caused Plaintiff injury.

**WHEREFORE,** Plaintiff demands judgment, jointly, severally and alternatively, against

25

Bank Defendants, for:

  a.    compensatory damages;

  b.    consequential damages;

  c.    costs; and

  d.    such other and further relief which the court deems just and equitable.

## FIFTEENTH CAUSE OF ACTION

### (Conversion By Bank Defendants)

132.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 131 as if fully set forth at length herein.

133.    As demonstrated by the above described actions and failures to act, Bank Defendants have each converted Plaintiff's funds and deprived Plaintiff of her property.

134.    As a direct and proximate result of Bank Defendants' conversion, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff demands judgment, jointly and severally and alternatively, against Bank Defendants, for:

  a.    compensatory damages;

  b.    consequential damages;

  c.    costs; and

  d.    such other and further relief which the court deems just and equitable.

## SIXTEENTH CAUSE OF ACTION

### (Specific Performance by Corporate Defendants)

135.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1

26

through 134 as if fully set forth at length herein.

136.    From 1993 through the present, Delphi, Lehman, GMC, Dreyfus, Borden, Altria, Amex, Ameriprise, Citigroup, Dupont, Ford, Glaxo, Kraft, Visteon, Phillip Morris, Reynolds, Chrysler, DCC, Travelers and Raytheon, (collectively "Corporate Defendants") have declared dividends on their stock to their stockholders.  From 1993 through the present, Plaintiff was a stockholder of Corporate Defendants when they declared such dividends.  Plaintiff has not received the dividends declared by Corporate Defendants.  Corporate Defendants owe Plaintiff dividends declared on the shares of stock owned by her during the period 1993 through the present.

**WHEREFORE,** Plaintiff demands judgment against Corporate Defendants as follows:

a.    compelling Corporate Defendants to remit payment for the full amount of the dividends declared on the shares of stock owned by Plaintiff;

b.    compensatory damages;

c.    consequential damages;

d.    costs; and

e.    such other and further relief which the court deems just and equitable.

SORIANO, HENKEL, BIEHL & MATTHEWS, P.C.


BY:    */s/Frederick C. Biehl, III*
DATED: April 19, 2012              Frederick C. Biehl, III

## JURY DEMAND

Demand is hereby made for trial by jury on all issues.

/s/Frederick C. Biehl, III
Frederick C. Biehl, III

DATED:  April 19, 2012