UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHRISTINA ENG EVINER,** | Civ. No. 2:12-02245 |
| Plaintiff, | (KM)(MCA) |
| v. | **MEMORANDUM OPINION** |
| **YOKETING ENG a/k/a BARRY ENG et al.,** | |
| Defendants. | |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the court on the motion of Defendants Yoketing Eng, a/k/a Barry Eng, and Trinh Eng (collectively, with Anna Eng, the "Eng Defendants")[1] to dismiss or transfer the complaint for improper venue, pursuant to Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406(a), and to dismiss the complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Document No. 91). For the reasons set forth below, I find that New Jersey is not the proper venue for this matter and order that the case be transferred to the Eastern District of New York.

---

[1] For obvious reasons, this opinion refers to the Engs by their first names. Anna has filed her own Answer to the SAC, which asserts as affirmative defenses the lack of personal jurisdiction and improper venue that are asserted in Barry and Trinh's motion to dismiss. Answer (Document No. 84), Affirmative Defenses ¶¶ 19, 16. In response to the motion to dismiss, Anna submitted a letter memorandum requesting that any dismissal be extended to the entire case and not just to the moving defendants. (Docket No. 115). Anna's letter may be treated as the equivalent of a request to join in the motion to dismiss filed by Barry and Trinh (although from Anna's point of view it must be seen as a motion for judgment on the pleadings, *see* Fed. R. Civ. P. 12(c)). For simplicity, I will adopt the SAC's definition of the "Eng Defendants" as encompassing Anna, Barry and Trinh Eng, and treat them all as the movants.

1

I.  **BACKGROUND**

This action is primarily a family dispute over shares of stock inherited by the Plaintiff, Christina Eng Eviner ("Eviner") from her father, Herbert Eng. Eviner alleges that the shares, together with associated distributions of money, were concealed and misappropriated by her siblings after Herbert's death. Eviner brings her Second Amended Complaint ("SAC") against her sister Anna Eng, her brother Barry Eng, and Barry's wife, Trinh Eng. Eviner also names as defendants the banks that allegedly negotiated and cashed distribution checks with forged signatures: Citibank, Bank of New York Mellon, and Bank of America (collectively, the "Bank Defendants"). (Docket No. 77).

The plaintiff, Eviner, is an individual residing in Scotch Plains, New Jersey. SAC ¶ 1. Anna, Barry, and Trinh Eng are individuals residing in Brooklyn, New York. *Id.* ¶ 2 – 4. Bank of America is a Delaware corporation with offices located in Charlotte, North Carolina. *Id.* ¶ 6. Citibank is a Delaware corporation with offices in New York City. *Id.* ¶ 7. Bank of New York Mellon ("BNY Mellon") is a Delaware corporation with offices in New York City. *Id.* ¶ 8. The SAC originally stated claims against the various corporate entities in which Eviner jointly held shares. *Id.* ¶¶ 129 – 132. Eviner has voluntarily dismissed her claims against those defendants. *See* Docket Nos. 79 – 82, 87, 97, 103 – 112, 118-20, 124, 126, 127.

The SAC alleges that this federal court has diversity subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000. *See* SAC ¶¶ 1-8, 39.

The SAC alleges the following facts. Herbert W. Eng died in August 1993, survived by his five children: Anna, Barry, Christina (Eviner), Terry, and Donna. *Id.* ¶ 27 – 29. Anna was made Executrix of the Estate. SAC ¶ 30. Anna advised Eviner that Eviner had no interest in the estate or Herbert's assets. *Id.*

¶ 31. Barry and Trinh Eng also represented to Eviner that there were no assets of Herbert or his estate to which Eviner was entitled. *Id.*

In January 2012, Eviner received a telephone call from "Keane, an unclaimed property reporting service." According to the caller, there existed valuable shares of stock held in the names of Herbert and Eviner as joint tenants. *Id.* ¶ 33 – 34. On further investigation, Eviner learned of additional shares of stock held jointly in Herbert's name and hers. *Id.* ¶ 35. Anna, as Executrix of Herbert's estate, had filed an estate tax return with the State of New York identifying those shares. *Id.* ¶ 36. But Anna never provided Eviner with a copy of the return or disclosed to her that those shares existed. *Id.*

For the last 19 years, Barry and his wife, Trinh, have been diverting dividend checks, interest checks, and other distributions from these shares (I will refer to all such proceeds as "distributions"). They deposited the funds in their personal account. *Id.* ¶ 37. Barry and Trinh have stayed in contact with Eviner by phone and in person, but have never disclosed the existence of the shares or the fact that they had been depositing the distributions. *Id.* Eviner alleges on information and belief that Anna, too, was aware of this fraudulent conduct and did not disclose it to Eviner. *Id.* ¶ 38.

Eviner filed the SAC on September 10, 2012. (Docket No. 77). The SAC asserts causes of action against Anna, Barry, and Trinh Eng for conversion, conspiracy to commit fraud, aiding and abetting fraud, violation of the New Jersey civil RICO act, fraud, constructive fraud, unjust enrichment, an accounting, imposition of a constructive trust, and breach of fiduciary duty. SAC ¶¶ 40 – 114 (Counts 1 – 11). The SAC also asserts causes of action against the Bank Defendants based on their negotiation of checks with forged endorsements under the UCC (NJSA 12A:3-301 *et seq.*, and NJSA 12A:4-401 *et seq.*), and conversion. SAC ¶¶ 115 – 127 (Counts 12 – 13).

Anna filed an Answer, Affirmative Defenses, and Cross Claim on October 7, 2012. (Docket No. 84). Barry and Trinh filed this motion to dismiss on

3

October 9, 2012, asserting (1) lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and (2) improper venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a). (Docket No. 91). The Bank Defendants have answered the SAC, (Documents 89, 92, 94), and are not participants in the motions now before the Court.

## II. DISCUSSION

The Eng Defendants argue that New Jersey is an improper venue for this action, and that this Court does not have personal jurisdiction over them. Def. Br. (Docket No. 91-4) at 2. Virtually all, if not all, of the events underlying Eviner's claims occurred in New York. Venue in New Jersey is therefore improper. Because dismissal of the Complaint would be an unduly harsh remedy, and because there is a proper and convenient alternative venue available, I opt to transfer this action to the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1406(a).[2]

### A. Venue

The Eng Defendants argue that venue is improper in this District and move to dismiss or transfer this action pursuant to Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406(a). The movant has the burden of demonstrating that venue is improper. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724 (3d Cir. 1982); *United Rubber, Cork, Linoleum & Plastic Workers v. Lee Rubber & Tire Corp.*, 269 F.Supp. 708, 715 (D.N.J. 1967), *aff'd*, 394 F.2d 362 (3d Cir.), *cert. denied*, 393 U.S. 835, 89 S.Ct. 108 (1968).

For both federal question and diversity cases, 28 U.S.C. § 1391(b) governs questions of venue. Under section 1391(b), an action may be brought *only* in:

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

4

(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which the action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[3]

Eviner does not allege that all defendants reside in New Jersey. *See* 28 U.S.C. § 1391(b)(1). The SAC alleges that venue in this district is proper because "(i) a substantial part of the events material to Plaintiff's causes of action occurred in this District; and (ii) all Defendants [we]re subject to personal jurisdiction in this District at the time this action . . . commenced." SAC ¶ 25. That language invokes 28 U.S.C. § 1391(b)(2) and (b)(3), but neither of those subsections establishes a foundation for venue in the District of New Jersey.

### 1. Substantial Part of Events or Omissions Under § 1391(b)(2)

Section 1391(b)(2) is not a basis for venue in the District of New Jersey because a "substantial part" of the events and omissions giving rise to Eviner's claims did not occur in New Jersey, and any stray occurrences in New Jersey do not approach the threshold of substantiality. "The test for determining

---

3   The parties' briefs incorrectly cite to the older version of 28 U.S.C. § 1391, which contained distinct venue provisions for diversity cases and federal question cases. *See* SAC ¶ 27; Def. Br. at 17. Section 1391, as amended in December 2011, applies to all cases filed after January 6, 2012. *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, December 7, 2011, 125 Stat 758. Under this section as amended, "[n]o longer does § 1391(a) prescribe venue for diversity of citizenship and § 1391(b) for federal question cases. Instead, the venue choices for all applicable civil actions are unified at 28 U.S.C. § 1391(b)." WRIGHT MILLER & COOPER, Federal Practice and Procedure: Jurisdiction 3d § 3804 (Supp. 2013). Because this case was filed on April 16, 2012, the amended version of 28 U.S.C. § 1391 applies. That said, it does not appear that the 2011 amendments would affect the result here.

5

venue is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *accord Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012); *Leone v. Cataldo*, 574 F. Supp. 2d 471, 483 (E.D. Pa. 2008). Events or omissions that have only "some tangential connection" with the dispute are not sufficient to support venue under this subsection. *Cottman Transmission Sys.*, 36 F.3d at 294.

The allegations of the Complaint demonstrate that all of the "substantial" events underlying Eviner's claims occurred in New York. Anna, Barry, and Trinh Eng reside in Brooklyn, New York. SAC ¶¶ 2 – 4. At the time of Herbert Eng's death, the plaintiff, Eviner, resided in New York as well. Def. Br. at 9 – 10; Opp. Br. (Docket No. 116) at 8 – 9. Herbert's will was probated in Brooklyn, New York, and the estate tax return was filed by Anna in New York State. SAC ¶¶ 30-31; Def. Br. at 8. Any distributions from the stocks at issue were allegedly diverted and received by Barry and Trinh in New York, very likely in the Eastern District of New York.[4] *See id.* ¶ 37. In the SAC and her Opposition Brief, Eviner does not so much as allege that any of this offending conduct occurred in New Jersey.

As the Eng Defendants point out, Eviner has not pleaded or otherwise asserted facts showing that the "substance" of her claims occurred in New Jersey. Def. Br. at 18; Reply Br. (Docket No. 123) at 13. The only alleged acts occurring in New Jersey are phone calls and visits from the Eng Defendants to Eviner at her New Jersey home. SAC ¶ 37. Eviner alleges that, during those calls and visits, the Eng Defendants failed to disclose that they had been forging her name on the stock distribution checks. *Id.* Even with all reasonable

---

[4] Although the SAC does not expressly state where any of the Eng Defendants deposited distribution checks, it can be inferred that they did so where they live. At any rate, there is no allegation, and no basis to infer, that they did so in New Jersey. SAC ¶ 37; *see also* Yoketing Eng Decl. (Docket No. 91-2) ¶ 5 (stating that Barry Eng never maintained a bank account in New Jersey).

6

inferences drawn in favor of the Plaintiff,[5] these acts do not constitute a "substantial part of the events or omissions giving rise to the claim." 28 U.S.C. § 1391(b)(2). Eviner does not point to any specific phone calls or meetings in which Herbert's estate was discussed at all. *See* SAC ¶ 37; Opp. Br. at 17. Instead, Eviner suggests that every phone call or visit with her family, regardless of the subject matter or context, was pregnant with an "omission" because Herbert's estate and the stocks were *not* discussed. Opp. Br. at 17 – 18. Such vague and unspecified communications (or rather non-communications) do not rise to the level of a "substantial occurrence" in New Jersey. *See Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 587 (E.D. Pa. 2003) (finding correspondence, telephone calls, and even "impact of economic harm" to be "woefully insufficient to establish venue in this district").

The allegations, considered as a whole, establish that the essential conduct underlying the SAC occurred, not in New Jersey, but in New York. Eviner's claims are not properly brought in the District of New Jersey under Section 1391(b)(2).

### 2. Venue is proper in the Eastern District of New York

Contrary to Eviner's assertions, venue is also not appropriate under the fall-back provision, 28 U.S.C. § 1391(b)(3). Subsection (b)(3) provides for venue in any district where any defendant is subject to personal jurisdiction, but only *if* there is no other venue where the action can be brought under section 1391. Subsection (b)(3) does not apply here because there is at least one such alternative venue available: the Eastern District of New York.

First, venue is appropriate in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1), because the Eng Defendants are residents of that district, and the Bank Defendants are residents of New York. Under (b)(1),

---

[5]  *See Bockman v. First Am. Marketing Corp.*, 459 Fed. App'x 157, 158 n.1 (3d Cir. 2012) (citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1352, at 324 (3d ed. 2004)) (on Rule 12(b)(3) venue motion, court may rely on well-pleaded allegations of complaint unless contradicted by defendant's affidavits).

7

venue is proper in a "judicial *district* in which *any* defendant resides if *all* defendants are residents of the *State* in which the judicial district is located." (Emphasis added.) It is undisputed that the Eng Defendants are all residents of Brooklyn, which is in the Eastern District of New York. SAC ¶¶ 2 – 4. *See* 28 U.S.C. § 1391(c)(1) (for natural person, residency means the "judicial district in which that person is domiciled"). The remaining Bank Defendants, then, should be analyzed as *additional* defendants who need only be residents of the "State in which [the Eastern District of New York] is located"—New York State, of course. Venue under subsection (b)(1) will therefore be appropriate if all of the three Bank Defendants are residents of New York State.

To simplify a bit, a collective or corporate entity is a "resident" if it is subject to the court's personal jurisdiction in the district (or would be, if that district were a State). *See* 28 U.S.C. § 1391(c)(2) & (d).[6] The SAC alleges, and the Answers admit, that Citibank and Bank of New York Mellon are nationwide banking concerns that maintain offices in New York City. SAC ¶¶ 7-8; Citibank Answer (Document 94) ¶ 1; BNY Answer (Document 92) ¶ 7. The Court takes judicial notice of those well-known facts, and also of the equally well-known fact that Bank of America is a nationwide banking concern that maintains offices and branches all over New York. I have little doubt that all three Bank Defendants would be subject to a New York district court's personal jurisdiction with respect to these claims, which involve their honoring of allegedly forged checks in New York. They therefore must be considered New

---

[6] The statute explicitly defines when a collective or corporate entity that can be sued is a "resident" of a district. A collective entity, "whether or not incorporated," is a resident of any district in which it is "subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). If a corporation, at the time an action commenced, is subject to personal jurisdiction in a multidistrict State (like New York), it "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d). I proceed on the logical assumption that a corporate resident of a district within a State must perforce be a resident of that State when considered as an additional defendant under § 1391(b)(1).

York "residents."[7] Because the Eng Defendants are residents of the Eastern District of New York, and the Bank Defendants are residents of New York State, venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1).

Second, venue in the Eastern District of New York would also be proper under 28 U.S.C. § 1391(b)(2), because a "substantial part" of the underlying events occurred in that district. As discussed above, *see* pp. 2-3, 6, virtually all (if not all) of the conduct underlying Eviner's claims against the Eng Defendants took place in the Eastern District of New York, where those Defendants reside. That circumstance, even standing alone, is sufficient to confer venue over the case.[8] The Eastern District of New York is therefore an appropriate venue under Section 1391(b)(2).

Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b)(1) or (b)(2). The fall-back provision of Section 28 U.S.C. § 1391(b)(3), which applies only where there is no district possessing venue under (b)(1) or (b)(2), is therefore not triggered. The Eng Defendants have met their burden of showing that New Jersey is not a proper venue. The remaining issue is whether dismissal or transfer of the case is appropriate.

### B. Remedying Improper Venue

Having found that venue is not improperly laid in the District of New Jersey, I next consider whether to transfer the case or dismiss it. I find that it

---

[7] *See, e.g., In re Lloyd's Am. Trust Fund Litig.*, 954 F. Supp. 656, 674–75 (S.D.N.Y. 1997) (denying Citibank's motion to dismiss for *forum non conveniens*); *Schott v. Ivy Asset Management Corp.*, No. 10-cv-01562 (LHK), 2010 WL 4117467, at *10 (granting BNY motion to transfer case to S.D.N.Y. pursuant to 28 U.S.C. § 1404(a)).

[8] As to the Bank Defendants, the SAC also asserts claims relating to their alleged failure to "properly supervise their employees and agents" and "maintain sufficient control to prevent employee malfeasance" when employees negotiated hundreds of checks with forged endorsements. SAC ¶ 119. Eviner does not allege that the checks were negotiated in New Jersey, and, for the reasons stated above, it is highly likely that they were negotiated in the Eastern District of New York.

is in the interests of justice that this case be transferred to the Eastern District of New York.

Pursuant to 28 U.S.C. § 1406(a), when venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Dismissal is considered to be a harsh remedy ... and transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *See NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J.1998) (citing *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 466 (1962)). Transfer under § 1406(a) is appropriate even where the court in which the case was filed lacked personal jurisdiction over the defendants. *Goldawr*, 369 U.S. at 466–67; *United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir. 1964).[9]

Section 1406(a) was enacted to avoid the "injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess" as to the facts underlying the choice of venue. *Goldlawr, Inc.*, 369 U.S. at 466. A transfer is appropriate here because there is an alternative venue, and a fairly convenient one, available. As discussed above, the "substantial part" of the conduct giving rise to these claims occurred in the Eastern District of New York. In addition, it is highly likely that the

---

[9] Although I base my ruling on improper venue, many of the same considerations suggest that if this action remained in the District of New Jersey, I might sooner or later be compelled to dismiss it as against the Eng Defendants for lack of personal jurisdiction. The only contacts or activity allegedly directed toward this forum are ordinary family visits and communications with Eviner at her New Jersey home. These would be a problematic basis for general jurisdiction. As for specific jurisdiction, these visits or communications bear only the most tenuous relation to the claims. The siblings are alleged only to have *omitted* any mention of the matters complained of during those visits or communications. The likelihood of a fruitless jurisdictional battle, and a possible fracturing of the claims as a result, would be an additional interests-of-justice factor weighing in favor of a transfer. But because venue is improper here, and proper in the Eastern District of New York, I do not need to place any particular reliance on it.

Eastern District of New York can exercise personal jurisdiction over all Defendants. Therefore, the Eastern District of New York is the appropriate venue for this action, and I will transfer the case there.

### III. Conclusion

The Eng Defendants' motion, to the extent it seeks dismissal of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(2) is **DENIED** as moot, because I have **GRANTED** their alternative motion to transfer venue. Pursuant to 28 U.S.C. 1406(a), this case will be transferred to the United States District Court for the Eastern District of New York.

An appropriate order will be filed in accordance with this Opinion.

Dated: December 6, 2013

_____
**Hon. Kevin McNulty**
**United States District Judge**